# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10cv114

| | | |
|---|---|---|
| ESTES EXPRESS LINES, INC., a Virginia corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | JUDGMENT |
| PYRAMID CEMENT PRODUCTS, INC., a South Carolina corporation; DOE CORPORATIONS 1-10; JOHN DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** having come before the court on plaintiff's Motion for Default Judgment Against Defendant Pyramid Cement Products, Inc., and the court having determined that plaintiff is entitled to the Judgment it seeks as such defendant have been properly served has been found by the Clerk of this court to be in default, Entry of Default (#9), and such defendant having failed to move to set aside such default despite the passage of some four months, and plaintiff having shown that it is entitled to judgment in the sum certain amount of $45,320.79, and

**IT FURTHER APPEARING** to the court that plaintiff has requested a judgment rate be applied "at the rate of eight percent per annum until the judgment is satisfied," which is the state judgment rate, and while current case law would require

application of the state judgment rate to prejudgment interest in federal diversity cases, <u>United States v. Dollar Rent A Car Systems, Inc.</u>, 712 F.2d 938, 941 (4th Cir.1983) (federal courts who use their discretion to award prejudgment interest in diversity cases should apply the interest rate of the forum state), review of the Complaint reveals that diversity jurisdiction has not been invoked, but that plaintiff asserted original jurisdiction of this court over federal questions as this action was brought under 49 U.S.C. § 13101 *et seq.*, an act of Congress regulating commerce, Complaint, at ¶ 1, and that it is well settled that federal law controls the issuance of prejudgment interest awarded on federal claims, <u>City of Milwaukee v. Cement Div., Nat'l Gypsum Co.</u>, 515 U.S. 189, 194 (1995), and

**IT FURTHER APPEARING** that an award of prejudgment interest is discretionary, <u>Quesinberry v. Life Ins. Co. of N. Am.</u>, 987 F.2d 1017, 1030-31 (4th Cir.1993) (*en banc*), and that the rationale for awarding prejudgment interest is to ensure that the injured party is fully compensated for its loss, <u>City of Milwaukee</u>, 515 U.S. at 195, and that such an award would be appropriate in this case based on the allegations in the Complaint, but that plaintiff has not provided a factual basis for departing upward to eight percent from the substantially lower federal judgment rate, and

**IT FURTHER APPEARING** that plaintiff did not allege in its Complaint on what date it first made demand, making prejudgment interest run from the date the action was filed, March 12, 2010, to the date judgment is herein entered,

**JUDGMENT**

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that **JUDGMENT** be and hereby is **ENTERED** in favor of plaintiff **ESTES EXPRESS LINES, INC.,** and against defendant **PYRAMID CEMENT PRODUCTS, INC.,** as follows:

> **PYRAMID CEMENT PRODUCTS, INC.,** shall pay to **ESTES EXPRESS LINES, INC.,** the principal amount of $45,320.79 plus prejudgment interest thereupon accruing at the federal judgment rate until the date of this Judgment, which shall run with interest at the federal judgment rate from date of judgment until satisfied,

and

**IT IS FURTHER ORDERED** that this action is otherwise **DISMISSED** inasmuch as it has been shown to the satisfaction of the court, upon a review of the court's docket, that the remaining defendants have not been served within the time allowed by Rule 4, and that no request has been made to either reopen or enlarge such time for service.

Signed: March 22, 2011

Max O. Cogburn Jr.
United States District Judge